**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JULIA MCCOY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:11-CV-128 (WLS) |
| : | |
| FOREMOST INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 13). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**.

**I.   PROCEDURAL HISTORY**

On August 17, 2011, Plaintiff filed a Complaint in the Superior Court of Turner County, Georgia, alleging that Defendant Foremost Insurance Company wrongfully denied her claim for the loss of her home due to a fire. (Doc. 1-1 at 2-4.) Defendant removed the case to this Court on September 20, 2011, citing diversity between the parties and an amount in controversy in excess of $75,000. (Doc. 1.) On October 9, 2012, Defendant moved for summary judgment on Plaintiff's claim. (Doc. 13.) Plaintiff never filed a response in opposition to Defendant's Motion for Summary Judgment. (*See* Docket.) Accordingly, the briefing for Defendant's Motion for Summary Judgment has concluded, and the Court finds that Defendant's Motion for Summary Judgment is ripe for review.

## II. Summary Judgment Standard

### A. Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Allen*, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celetox*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing or pointing out to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or 'show that there is some metaphysical

doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

B. **Local Rule 56**

Local Rule 56 requires the following from a respondent to a motion for summary judgment:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate. M.D. Ga. R. 56.

Here, Defendant properly filed a summary judgment along with a statement of undisputed facts, as is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Docs. 13, 13-1.) Plaintiff filed neither a response in opposition nor the required responsive statement of facts. Therefore, because Plaintiff failed to properly dispute Defendant's material facts as is required by the Local Rules, all of Defendant's material facts provided in its Statement of Material Facts (Doc. 13-1) are deemed admitted by operation of Local Rule 56. Although the Court is nevertheless required to make an independent review of the record before deciding Defendant's

3

Motion for Summary Judgment, *see United States v. Delbridge*, No. 1:06-cv-110, 2008 WL 1869867, at *3 (M.D. Ga. Feb. 22, 2008) (WLS) (concluding that Eleventh Circuit precedent does not allow a district court to grant a summary judgment based on default), it must be noted, however, that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

### III.    RELEVANT FACTUAL BACKGROUND

The following facts are derived from the Complaint (Doc. 1-1), Defendant's Answer (Doc. 4), and Defendant's Statement of Undisputed Facts (Doc. 13-1), which was submitted pursuant to Local Rule 56; and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. See *Celotex Corp.*, 477 U.S. at 322-23; Fed. R. Civ. P. 56.

On August 20, 2009, a fire destroyed Plaintiff's mobile home, causing a loss to Plaintiff in the amount of $165,000. (Doc. 1-1 ¶ 6.) At the time of the fire, Plaintiff's home was insured under a policy with Defendant Foremost Insurance Company. (*Id.* ¶ 3.) After being informed of the loss, Foremost commenced an investigation into the fire. (Doc. 13-1 ¶ 3.) As part of its investigation of the fire, Foremost retained a cause-and-origin investigator, William M. Knight, Jr. (*Id.* ¶ 4.) Mr. Knight inspected the property on September 4, 2009. (*Id.* ¶ 5.) During the investigation, Mr. Knight found a towel possessing a strong odor of gasoline in a hole in the ceiling above one of the bathrooms. (*Id.*) A sample from this towel and three other sample debris tested positive for

ignitable liquids.  (*Id.* ¶ 6.)  On September 29, 2009, Mr. Knight prepared a report and delivered it to Foremost.  (*Id.* 7.)  The report concluded that the fire to Plaintiff's mobile home was caused by an intentional human act and that gasoline was used to initiate and support the combustion to bring about the destruction of the home.  (*Id.*)

Foremost also learned that, on the day of the fire, Plaintiff's daughter was reported to the school principal because she brought to school a notebook that smelled like gasoline.  (*Id.* ¶ 8.)  The daughter's teacher, Sheila Jefferson, examined the notebook, confirmed that it smelled like gasoline, and reported the notebook to the school's principal.  (*Id.* ¶¶ 9-10.)  This incident took place before Ms. Jefferson learned of the fire.  (*Id.* ¶ 10.)

The insurance policy for Plaintiff's mobile home stated, in part:

> **Policy Conditions**
> 4.  We may require that you submit to us a notarized statement of loss. The statement must be submitted within 90 days of our request that you do so. You will be required to show us the damaged property and submit to examination under oath. You will be required to cooperate with us in our effort to investigate the accident or loss, settle any claims against you and defend you. If you fail to cooperate, we have the right to deny you coverage in this policy.
>
> 8.  **Legal Action Against Us**. You may not bring legal action against us concerning this policy unless you have fully complied with all of the policy terms.

(Doc. 13-3 at 34-35.)   After its investigation, Foremost determined that it was necessary to obtain the examination under oath of Plaintiff and have her complete a notarized statement of loss.  (Doc. 13-1 ¶ 12.)  Foremost hired Attorney Tom Martin to obtain Plaintiff's cooperation in meeting these two requirements.  (*Id.*)

Plaintiff submitted inventory sheets to Foremost but did not submit a notarized proof of loss.  (*Id.* ¶¶ 13-16.)  On November 5, 2009, Mr. Martin contacted Plaintiff's

attorney to inform the attorney that while Foremost had received the inventory sheets, these were not a surrogate for an actual notarized statement of loss. (*Id.* ¶ 13.) Mr. Martin then provided Plaintiff with Foremost's blank proof of loss form and requested that Plaintiff promptly and fully complete the forms and have them notarized and returned. (*Id.*) Mr. Martin followed up on this request on December 1, 2009, January 26, 2010, May 7, 2010, August 6, 2010, and October 8, 2010. (*Id.* ¶ 14.) In each attempt, Mr. Martin explained that the inventory sheets were not a substitute for a notarized statement of loss. (*Id.* ¶ 15.) Plaintiff never submitted a notarized proof of loss in any format to Foremost. (*Id.* ¶ 16.) Plaintiff admits that she did not provide the notarized proof of loss but states that she "believed that the unnotarized documents sent to Scott Wheeler were sufficient." (Doc. 13-7 at 8.)

Plaintiff also never underwent an examination under oath. On January 26, 2010, Mr. Martin contacted Plaintiff and requested that she submit to an examination under oath to take place on February 25, 2010. (Doc. 13-1 ¶ 18.) On February 4, 2010, Plaintiff called Mr. Martin and requested that the examination be rescheduled. (*Id.* ¶ 19.) On February 18, 2010, Mr. Martin made a second request that Plaintiff submit to an examination under oath to take place on March 12, 2010. (*Id.* ¶ 20.) Plaintiff failed to appear for this examination and did not request a postponement. (*Id.*) Mr. Martin then made numerous attempts to seek Plaintiff's counsel's assistance on scheduling an examination with requests made on May 18, 2010 and July 12, 2010. (*Id.* ¶ 21.) Mr. Martin eventually scheduled the examination for July 23, 2010. (*Id.* ¶ 22.) Plaintiff appeared for the examination on July 23, 2010, but did not bring the documentation requested and the examination had to be suspended because of this and the fact that Plaintiff's attorney had a scheduling conflict. (*Id.* ¶ 23.) The parties agreed to

6

reschedule the examination. (*Id.*) On October 8, 2010, Mr. Martin contacted Plaintiff and scheduled the remainder of the examination to take place on October 14, 2010. (*Id.* ¶ 24.) Plaintiff called and canceled the examination on October 13, 2010. (*Id.* ¶ 25.) On October 22, 2010, Plaintiff agreed to conclude the examination on November 12, 2010. (*Id.* ¶ 26.) Plaintiff agreed that she would notify Foremost by November 10, 2010, if she needed to cancel the examination. (*Id.*) Plaintiff failed to attend the examination on November 12, 2010, and never notified Foremost that she would not be in attendance. (*Id.* ¶ 27.) Foremost never obtained Plaintiff's full examination under oath. (*Id.* ¶ 28.)

On January 7, 2011, Foremost denied Plaintiff's claim for coverage. (*Id.* ¶ 29.) The denial letter summarized Plaintiff's failure to cooperate in attending an examination under oath and completing a notarized statement of loss and stated that "[g]iven these facts, we have found there is no coverage because: you failed to cooperate with us during the investigation of your claim as required by the Policy Condition of your policy." (*Id.*) Plaintiff initiated the instant lawsuit on August 17, 2011. (Doc. 1-1.)

## IV. **DISCUSSION**

Foremost contends that it is entitled to judgment as a matter of law because Plaintiff did not meet the conditions precedent to coverage under the terms of the insurance policy. Per Foremost, the policy required that Plaintiff submit a notarized statement of loss and submit to an examination under oath—two requirements that Plaintiff failed to satisfy. The Court concurs in the assessment that Plaintiff's failure to satisfy one of the conditions precedent to her policy demonstrates that there are no triable issues of fact that would preclude summary judgment.

"When questions exist as to the cause of a fire for which a claim is made, the insurer has the right to investigate before reaching a decision as to whether to pay the

claim." *Farmer v. Allstate Ins. Co.*, 396 F. Supp. 2d 1379, 1381 (N.D. Ga. 2005) (citing *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 946 (11th Cir. 1990)). To that end, "[a]n insurer is entitled to require its insured to abide by the policy terms, and the insured is required to cooperate with the insurer in investigation and resolution of the claim." *Farmer*, 396 F. Supp. 2d at 1382 (citing *Diamonds & Denims, Inc. v. First of Georgia Ins. Co.*, 203 Ga. App. 681, 683 (1992)). If the policy states that such policy terms must be complied with before an insured may initiate suit, such policy terms constitute conditions precedent that are permitted by Georgia law and are binding against the insured. *Lucas v. State Farm Fire & Cas. Co.*, 864 F. Supp. 2d 1346, 1355 (M.D. Ga. 2012) (citations omitted). "Failure to comply with policy provisions which are conditions precedent to bringing suit is a breach which precludes recovery as a matter of law." *Roberts v. State Farm Fire & Cas. Co.*, No. 7:11-cv-86, 2011 WL 6215700, at *5 (M.D. Ga. Dec. 14, 2011) (citing *Farmer*, 396 F. Supp. 2d at 1382).

  The record reflects that Plaintiff failed to complete an examination under oath. This failure alone entitles Foremost to judgment as a matter of law. The Policy applicable to Plaintiff's claim stated that an insured "will be required to . . . submit to examination under oath." (Doc. 13-3 at 35.) The Policy also stated very clearly that an insured "may not bring legal action against [Foremost] concerning this policy unless [the insured] ha[s] fully complied with all of the policy terms." (*Id.* at 35.) The requirement that an insured submit to an examination under oath has been found to be a condition precedent that is permissible and binding against the insured. *See Nichols v. Pearl Assur. Co., Ltd.*, 71 Ga. App. 378, 378 (1944). Thus, the "failure to submit to the requested examination under oath constitutes a breach of the insurance contract unless some privilege excuses plaintiff's failure to comply with the contractual condition."

8

*Lucas*, 864 F. Supp. 2d at 56 (quoting *Pervis*, 901 F.2d at 946) (internal quotations omitted); *see, e.g., Roberts v. State Farm Fire & Cas. Co.*, 479 F. App'x 223, 227 (11th Cir. 2012).  Here, the Court finds that Plaintiff's inexcusable failure to submit to a complete examination under oath, as is required by the policy's terms, proves fatal to her claim.[1]  Accordingly, Foremost is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**.  It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall taking nothing by her Complaint (Doc. 1), and **JUDGMENT** shall be entered in favor of Defendant.

**SO ORDERED**, this  29th   day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] Though Defendant has alleged that failure to submit a notarized statement of loss also demonstrates that Plaintiff has failed to fulfill a condition precedent to her claim, the Court declines to address this argument.  Per Defendant's own version of the facts, Plaintiff submitted an inventory statement.  Although Defendant states that an inventory statement is not a "surrogate" for a "notarized statement of loss," the inventory statement is indicative of some level of compliance from Plaintiff.  Case law reflects that the relevant inquiry is into the substance of the information submitted, rather than a formulaic application of labels.  *See, e.g., Lucas v. State Farm & Cas. Co.*, 864 F. Supp. 2d 1346, 1354-55 (M.D. Ga. 2012) (concluding that it cannot be determined as a matter of law that plaintiff breached the insurance agreement for failure to provide material information where the record did not contain copies of plaintiff's submissions, thereby leaving open the question of whether the information not supplied was "material"); *Brookins v. State Farm Fire & Cas. Co.*, 529 F. Supp. 386, 390-91 (D.C. Ga. 1982) (noting that the determinative inquiry is into whether the plaintiff substantially complies with the proof of loss requirements prescribed in the policy).  Because, however, the Court is not privy to what Plaintiff submitted, and Plaintiff has failed to defend her own claim, the Court cannot resolve grant summary judgment on this issue, but need not because of Plaintiff's failure to submit to a complete examination under oath.